UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCEL RIDDLE-BEY,

    Petitioner,

v.           CASE NO.: 07-14389
             HON. PATRICK J. DUGGAN

RAYMOND BOOKER,

    Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(B)(3)(A)**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on October 30, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
       U.S. DISTRICT COURT JUDGE

Petitioner Marcel Riddle-Bey has filed a *pro se* Petition for a Writ of Habeas Corpus. Petitioner challenges his 1998 state court conviction of second-degree murder and possession of a firearm during the commission of a felony. *See People v. Riddle,* 467 Mich. 116 (2002).

In 2002, Petitioner filed a habeas petition challenging the same convictions. United States District Court Judge Denise Page Hood denied the habeas petition on May 30, 2003. *Riddle v. Berghuis*, No. 02-74202 (E.D. Mich. May 30, 2003).

In the pending habeas petition, Petitioner alleges that he is entitled to retroactive application of a new state law, which became effective on October 1, 2006. According to

Petitioner, the law eliminates the duty to retreat within the curtilage of one's own home. Petitioner claims, on the basis of the new law, that he is actually innocent of the offense for which he was charged and convicted.

A person seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641, 118 S. Ct. 1618, 1620 (1998). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not demonstrated that any court of appeals has granted him permission to file another habeas corpus petition challenging the same convictions. His failure to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b) deprives this Court of jurisdiction to hear his claims. *Burton v. Stewart*, __ U.S. __, __, 127 S. Ct. 793, 794 (2007) (*per curiam*).

---

[1] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

Accordingly,

**IT IS ORDERED**, that the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Sixth Circuit.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copy to:
Marcel Riddle-Bey, #180984
Straits Correctional Facility
4387 W. M-80
Kincheloe, MI 49785